UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
DEC 20 2023
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:23CR730 HEA/SPM |
| MICHAEL TOSCANO, | ) ) |
| Defendant. | ) ) |

### INDICTMENT

The Grand Jury charges:

### COUNT 1

(Mail Fraud)

**A. Introduction**

1. The State of Missouri defines an "abandoned vehicle" as one that has been left unattended on private property without the consent of the owner or lessor of the property if it has been left unattended for more than 48 hours or a law enforcement officer determines that the vehicle is a safety hazard or unreasonably interferes with the owner or lessor's use of the property.

2. When statutory requirements are met, the owner or the lessor of the property can authorize a tow company to remove the vehicle. After sending the vehicle owner and any existing lienholder timely notice that it would claim title to the abandoned property, either the tow company, the property owner, or the lessor of the property can apply to the State of Missouri Department of Revenue ("DOR") for title to the abandoned vehicle. The DOR also requires the applicant to provide sworn affidavits establishing the abandonment, copies of the notices sent to

the vehicle owner and lienholder, and copies of certified mail return receipts that predate the application by at least 30 days.

3. A storage facility may also obtain title to a vehicle through use of a mechanic's lien when the owner has defaulted on a payment agreement. Similar to the process used to obtain title to an abandoned vehicle, the storage facility must send the vehicle owner and lienholder notice of its intent to obtain title to the vehicle at least 30 days prior to submitting its application for title to the DOR. It must also attest to the DOR that the vehicle owner is overdue in making payments by a minimum of 45 days.

4. Independent contractors of the DOR operate license offices within the Eastern District of Missouri. Applications for abandoned vehicle titles and mechanic lien titles and the supporting documentation are submitted to the license offices before the contract employees electronically transmit the material to the DOR in Jefferson City, Missouri. The servers used by the Department of Revenue to communicate with the contract facilities are located outside the State of Missouri.

5. Upon receipt of the material transmitted by the contract license offices, the DOR registers the vehicle to the applicant and mails the new title from Jefferson City, Missouri to the address designated on the title application.

**B.**     **The Scheme to Defraud**

6. Beginning on or about April 1, 2018, and continuing through on or about December 19, 2023, in the Eastern District of Missouri and elsewhere, the defendant,

**MICHAEL TOSCANO,**

devised, and intended to devise, a scheme and artifice to obtain money or property and to defraud the State of Missouri and motor vehicle lienholders, by fraudulently claiming ownership of vehicles that were the subject of proceedings in the United States Bankruptcy Court.

7. It was part of the scheme and artifice to defraud and to obtain money and property that:

   a. For the purpose of facilitating the surrender of vehicles that had been the subject of bankruptcy proceedings, Michael Toscano, the owner of Toscano Enterprises LLC, and persons unknown to the Grand Jury, persuaded the owners of the vehicles to deliver their vehicles and keys to him at either (1) 10880 Bauer Boulevard, St. Louis, Missouri, the office building in which he was a tenant, and (2) a storage facility he rented in St. Charles County, Missouri.

   b. In the event that the vehicle was inoperable, Michael Toscano ("Defendant") agreed to travel to the disabled car to take it into his custody.

   c. Despite having authorized the delivery of the vehicles to 10880 Baur Boulevard and the St. Charles County storage facility by the vehicle owners and having retrieved the vehicles from other areas at the behest of the vehicle owners, Defendant fraudulently advised the lienholders and the DOR that the vehicles had been abandoned at 10880 Baur Boulevard, St. Louis, Missouri and that he had incurred towing and storage fees as a result of the purported abandonment.

   d. Defendant mailed documents to lienholders demanding the payment of fraudulent towing and storage fees and placing them on notice that he would seek an abandoned motor vehicle title if the fees were not paid within 30 days of the notice.

  e. When lienholders failed to remit the inflated fees prior to the expiration of the statutorily required 30-day notice period, Defendant submitted false and fraudulent documents to the contract license offices of the DOR seeking the issuance of abandoned vehicle titles in the name of his business, Toscano Enterprises, LLC.

  f. Believing Defendant's representations to be true, the DOR mailed abandoned vehicle titles to Toscano Enterprises LLC at 10880 Baur Boulevard, St. Louis, Missouri.

  g. After fraudulently obtaining ownership of the vehicles, Defendant offered them for sale through his used car dealership.

## C. The Mailing

8. On or about August 22, 2019, in the Eastern District of Missouri and elsewhere, the defendant,

**MICHAEL TOSCANO,**

for the purpose of executing the above-described scheme, did knowingly cause to be delivered by mail and a private, interstate carrier sent from St. Louis Missouri to the Missouri Department of Revenue in Jefferson City, Missouri, the following documents: an Application for Missouri Title and License, a General Affidavit, Certified Mail Receipts, and two Department of Revenue Forms 5227 styled "Notice to Owner(s) and Lienholder(s) Regarding Abandoned Vehicle, All Terrain Vehicle (ATV), Vessel, Watercraft, Outboard Motor and Trailer," falsely purporting that the 2018 Chevrolet Impala owned by T.B. and subject to a lien by GM Financial had been abandoned at 10880 Baur Boulevard, St. Louis, Missouri rather than having been transferred from T.B. to Defendant with Defendant's consent.

4

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 2

(Mail Fraud)

9. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

10. On or about April 13, 2021, in the Eastern District of Missouri and elsewhere, the defendant,

**MICHAEL TOSCANO,**

for the purpose of executing the above-described scheme, did knowingly cause to be delivered by mail and a private, interstate carrier sent from the Missouri Department of Revenue in Jefferson City, Missouri to Toscano Enterprises LLC, 10880 Baur Boulevard, St. Louis, Missouri, fraudulently obtained motor vehicle title number UFS54802, reflecting the change of ownership of a 2006 Audi A8 from C.M. to Toscano Enterprises, LLC,

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 3

(Mail Fraud)

11. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

**B.    The Scheme to Defraud**

12. Beginning on or about April 1, 2018, and continuing through on or about December 19, 2023, in the Eastern District of Missouri and elsewhere, the defendant,

**MICHAEL TOSCANO,**

devised, and intended to devise, a scheme and artifice to obtain money or property and to defraud the State of Missouri and motor vehicle lienholders, by fraudulently claiming ownership of vehicles that were the subject of proceedings in the United States Bankruptcy Court.

13. It was part of the scheme and artifice to defraud and to obtain money and property that:

   a. Defendant took custody of vehicles that were subject to bankruptcy proceedings from the vehicle owners to facilitate the surrender of the vehicles.

   b. Even though Defendant promised to promptly notify the lienholders of his possession of the vehicles, he withheld notice for as long as 45 days, causing storage fees to exceed $2,300.

   c. After a delay of at least 45 days, Defendant mailed documents to lienholders demanding the payment of inflated towing and storage fees and notifying them of his intent to seek a mechanic lien title no less than 30 days after the mailing of the documents.

   d. When lienholders failed to remit the inflated fees prior to the expiration of the statutorily required 30-day notice period, Defendant submitted false and fraudulent documents to the contract license offices of the DOR seeking the issuance of a mechanic lien titles in the name of his business, Toscano Enterprises, LLC.

   e. Believing Defendant's representations to be true, the DOR mailed mechanic lien titles Toscano Enterprises LLC at 10880 Baur Boulevard, St. Louis, Missouri for the vehicles Defendant willfully concealed from the lienholders.

    f. After fraudulently obtaining ownership of the vehicles, Defendant offered them for sale through his used car dealership.

**C. The Mailing**

14. On or about July 7, 2023, in the Eastern District of Missouri and elsewhere, the defendant,

**MICHAEL TOSCANO,**

for the purpose of executing the above-described scheme, did knowingly cause to be delivered by mail and a private, interstate carrier sent from the Missouri Department of Revenue in Jefferson City, Missouri to Toscano Enterprises LLC, 10880 Baur Boulevard, St. Louis, Missouri, fraudulently obtained motor vehicle title number UPD88893, reflecting the change of ownership of a 2017 Kia Forte from C.F. to Toscano Enterprises, LLC,

In violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 4**

(Wire Fraud)

15. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

**C. Wire Transmission**

16. On or about June 27, 2022, in the Eastern District of Missouri and elsewhere, the defendant,

**MICHAEL TOSCANO,**

for the purpose of executing the above-described scheme to defraud, did cause to be transmitted, by means of interstate wire transmission, certain writings, signs, signals, pictures, and sounds, to

7

include the electronic transmission of the following fraudulent documents: an Application for Missouri Title and License; an Affidavit for Mechanic Title Lien; a storage and towing invoice from Piasa Auto Sales; two Department of Revenue Form 5835 styled "Notice to Owner(s) and Lienholder(s) Regarding Intent to File for Mechanic Lien Title;" a vehicle storage agreement between E.F. and Toscano Enterprises LLC d.b.a. Piasa Auto Sales; two certified mail receipts; to the Missouri Department of Revenue from a contract licensing office located in Fulton, Missouri.

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(7), upon conviction of an offense of Title 18, United States Code, Sections 1341 and 1343, as set forth in Counts 1 through 18, the defendant shall forfeit to the United States of America any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 641, as set forth in Counts 19 through 26, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

3. If any of the property described above, as a result of any act or omission of the

defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                      A TRUE BILL.

 

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
TRACY L. BERRY, 014753 TN
Assistant United States Attorney